**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
**RAMON ANTONIO DUARTE-CERI,**

                        **Plaintiff,**

              **-against-**

**ERIC H. HOLDER, JR.,**
*Attorney General of the United States,*

                      **Defendant.**
-----------------------------------------------------------------x

**MEMORANDUM AND ORDER**

**11-CV-1568 (ERK)**

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      Currently pending before this Court is defendant's motion to compel responses to defendant's discovery demands. See Motion to Compel (Mar. 21, 2012) ("Def. Motion"), Electronic Case Filing Docket Entry ("DE") 20. From both the moving papers and the response thereto, see Response in Opposition (Mar. 27, 2012) ("Pl. Response"), DE #21, it appears that contrary to both the federal and local rules, see Fed. R. Civ. P. 37(a)(1); SDNY/EDNY Local Civ. R. 37.3(a), the parties have not conferred in good faith in an effort to resolve or at least narrow their discovery disputes without judicial intervention. Therefore, defendant's motion to compel is denied without prejudice.

      Several further observations are in order. First, while plaintiff's counsel faults defense counsel for failing to comply with the aforesaid rules, see Pl. Response at 1-2, plaintiff's counsel is hardly blameless in this controversy: plaintiff's counsel took two weeks to respond to defense counsel's March 2nd email regarding the alleged shortcomings in plaintiff's responses to discovery demands. See Pl. Response Ex. A. Furthermore, although plaintiff's

counsel now claims that "we have also agreed to supplement plaintiff's written responses," Pl. Response at 1, that assertion is not supported by the appended email chain (Pl. Response Ex. A), nor does plaintiff specify when those supplemental responses will be forthcoming. The Court expects that counsel will *promptly* confer by phone about the discovery demands and responses, that plaintiff's counsel will particularize those responses that plaintiff agrees to supplement, and that plaintiff's supplemental responses will be served forthwith.

In addition, without ruling on any particular demand, the Court notes that defendant appears to subscribe to an unduly broad concept of information and materials within a party's control. For example, without citation to any caselaw or other authority, defendant complains that plaintiff failed to secure information from his mother. See Def. Motion at 2. Defendant provides no basis on which this Court could conclude that plaintiff's mother, a non-party, is plaintiff's agent and that information known to her and/or materials possessed by her are within plaintiff's custody or control. Defendant is, of course, entitled to serve a subpoena on plaintiff's mother, pursuant to Fed. R. Civ. P. 45. Plaintiff shall immediately provide contact information for his mother.

Finally, although plaintiff contends that he "has agreed to give defendant multiple extensions of discovery deadlines," Pl. Response at 1, only one such extension has been court-approved, see Order (Aug. 16, 2011), and any subsequent agreement between the parties[1] was neither communicated to nor approved by the Court. Pursuant to Judge Korman's Order of

---

[1] See, e.g., Pl. Response Ex. A (counsel agree in December 2011 to extend discovery deadlines by more than six weeks).

August 18, 2011, the period for depositions and expert disclosures ended last month, and expert rebuttals are due today. The parties have apparently ignored those deadlines. They are directed to confer and, by March 30, 2012, to submit a joint proposed modified schedule. The Court will tolerate no further violations of court orders.

      **SO ORDERED.**

**Dated:**    **Brooklyn, New York**
            **March 28, 2012**

                                    **ROANNE L. MANN**
                                    **UNITED STATES MAGISTRATE JUDGE**